NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH ERNEST CLIFFORD GUMP,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5061

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-254, Senior Judge Bohdan A. Futey.

---

Decided: June 8, 2012

---

Joseph Ernest Clifford Gump, of Huron, Ohio, pro se.

STEVEN K. UEJIO, Trial Attorney, Tax Division, Appellate Section, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TAMARA W. ASHFORD, Deputy Assistant Attorney General, and JOAN I. OPPENEIMER, Attorney.

---

Before RADER, *Chief Judge*, O'MALLEY and WALLACH, *Circuit Judges*.

PER CURIAM.

Joseph Ernest Clifford Gump appeals the judgment of the U.S. Court of Federal Claims dismissing his action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Finding no error in the trial court's legal analysis, we *affirm* the dismissal.

On February 22, 2011, a grand jury in the Western District of Pennsylvania indicted Mr. Gump on four counts of tax evasion, one count each for the years 2003-2006. *See United States v. Gump*, No. 2:11-cr-49 (W.D. Pa. filed Feb. 22, 2011). The criminal action is pending.

On April 22, 2011, Mr. Gump filed this action in the Court of Federal Claims, asserting that the criminal proceedings against him are "false" and "illegal," that the special agents who arrested him did not have "arresting powers over [him]," and that those special agents kidnapped him to take him to a "fraudulent 'arraignment.'" Mr. Gump further asserted that he is a "Sovereign American," that he has "never received any taxable income," and that he "is, and always has been, a 'nontaxpayer.'" Mr. Gump sought actual damages in excess of $58,327.23, trebled to at least $174,981.69; punitive damages of $1,000,000; an injunction barring any further civil or criminal proceedings until final adjudication of this action; and an order releasing any and all liens and levies against him. The complaint named as defendants the United States, the U.S. Attorney General, a U.S. Attorney, an Assistant U.S. Attorney, the Commissioner of Internal Revenue, a district court judge, a magistrate judge, a courtroom deputy, and seven special agents.

The government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The Court of Federal Claims granted the motion in full. We agree with the Court of Federal Claims that Mr. Gump's action must be dismissed.

First, we agree with the decision to dismiss all defendants except the United States for lack of subject matter jurisdiction. The Tucker Act—the governing jurisdictional statute—confers jurisdiction on the Court of Federal Claims to hear any suit against the United States for money damages, not sounding in tort, which is founded upon the Constitution, an act of Congress, or a regulation of an executive department. 28 U.S.C. § 1491(a)(1). The United States is the only appropriate defendant in the Court of Federal Claims. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The court's] jurisdiction is confined to the rendition of money judgments in suit brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

We agree, likewise, that the Court of Federal Claims lacked jurisdiction over Mr. Gump's claims based on tort, criminal, and constitutional law, and his claim for injunctive relief. Tort and criminal actions are expressly outside the Court of Federal Claims's jurisdiction. *Brown*, 105 F.3d at 623 ("[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . .").

Gump's claims based on the Fourth, Fifth, Sixth, and Fourteenth Amendments also are outside the Court of Federal Claims's jurisdiction because those constitutional amendments are not money mandating. *Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (explaining that the Sixth Amendment is not money mandating). The Court of Federal Claims, moreover, lacked jurisdiction to grant an injunction. *Brown*, 105 F.3d at 624 ("The Tucker Act does not provide independent jurisdiction over such claims for equitable relief.").

To the extent that Mr. Gump's complaint can be construed as asserting a claim for a tax refund, the Court of Federal Claims properly dismissed that claim. Mr. Gump presents no proof—and makes no argument—that he filed an administrative claim for a refund before commencing this action. He, therefore, failed to satisfy a prerequisite to filing suit in the Court of Federal Claims. 26 U.S.C. § 7422(a); *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994).

Finally, we note that Mr. Gump has filed a request to allow evidence to be brought to court, which we construe as a motion to supplement the record. We deny that motion. The documents and testimony tendered with the motion are irrelevant because they do not change the conclusion that the trial court lacked jurisdiction to adjudicate Mr. Gump's claims and that Mr. Gump failed

to state a cause of action upon which relief may be granted.

For the foregoing reasons, the Court of Federal Claims properly dismissed Mr. Gump's action.

**AFFIRMED**

Costs

Each party shall bear its own costs.