# In the United States Court of Federal Claims

No. 12-887C

(Filed: May 1, 2013)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| REGINALD BACCHUS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**OPINION DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

On December 17, 2012, Reginald Bacchus ("Mr. Bacchus" or "the plaintiff") filed a pro se complaint against the United States ("the government" or "the defendant") alleging various Fourth, Fifth, Sixth, and Eighth Amendment violations stemming from his 1994 arrest and subsequent conviction on drug charges. The plaintiff claims that (1) the United States Drug Enforcement Agency ("DEA") illegally searched the ship aboard which Mr. Bacchus was serving as the Chief Engineer, (2) the government "committed larceny" by seizing the boat and Mr. Bacchus' personal property without a forfeiture

hearing;[1] (3) Mr. Bacchus was wrongfully convicted; (4) Mr. Bacchus received inadequate counsel; and (5) Mr. Bacchus' sentence constituted cruel and unusual punishment. Mr. Bacchus seeks $25,000,000 for the unlawful conviction and various constitutional violations, unspecified punitive damages, and a separate $2,800,000 for the ship and personal property of the crew.

The government moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Having reviewed the pleadings, the court has determined that oral argument is not necessary. For the reasons discussed below, the government's motion is **GRANTED** and the plaintiff's complaint is **DISMISSED**.

The United States Court of Federal Claims is a court of limited jurisdiction. See Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Under the Tucker Act, the court possesses jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §

---

[1] In September 2009 the plaintiff moved a district court in Florida for an order compelling the government to return property allegedly taken during Mr. Bacchus' arrest. The property included, among other things, a briefcase, a watch, various documents, and family photographs. See Bacchus v. United States, Crim. No. 94-224-CR-T-23 (M.D. Fla. 1994), Pet. for Return of Property, ECF No. 337. The government provided a sworn affidavit from the DEA case agent stating that although several seized items were destroyed during the case closing process on December 2, 2002, none of the items Mr. Bacchus listed were among those destroyed, and that property related to the case no longer existed. The court subsequently denied Mr. Bacchus' motion as moot.

1491(a) (2012). The failure by a plaintiff to establish subject matter jurisdiction requires the court to dismiss the complaint in its entirety. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Although the court will read a pro se plaintiff's complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff is not excused from stating a non-frivolous claim within the jurisdiction of the court. Wilson v. United States, 404 Fed. App'x 499, 500 (Fed. Cir. 2010) (per curiam).

Under this court's applicable statute of limitations, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C § 2501. The claim accrues "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." Ingrum v. United States, 560 F.3d 1311, 1314 (Fed. Cir. 2009). The Supreme Court has described this statute as "absolute," in that the court may not consider whether certain equitable considerations warrant extending the limitations period. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34, 139 (2008) (Court of Federal Claims statute of limitations is jurisdictional).

It is clear from a review of Mr. Bacchus' complaint that his claims involving damages associated with loss of his property arose from events that occurred in either 1994 (the year of his arrest), 1995 (the year of his trial and conviction), or 2002 (the year in which the DEA acknowledged closing out Mr. Bacchus' case and destroying any evidence remaining in custody). Regardless of which date is selected, Mr. Bacchus'

3

claims for money damages due to lost or taken property are clearly time barred by 28 U.S.C § 2501.[2]

The court has considered Mr. Bacchus' arguments and determined that he is not entitled to a suspension of the six-year limitations period under the "accrual suspension" rule for any of his property-related claims. Mr. Bacchus has not alleged that (1) he was unaware of the claim because the government concealed facts, or (2) the injury was "inherently unknowable" at the time when the cause of action accrued. See Ingrum, 560 F.3d at 1314-15.[3] Nor has Mr. Bacchus alleged any facts to suggest that his property–related claims might be timely under the "continuing claims" doctrine. See Boling v. United States, 220 F.3d 1365, 1373 (Fed. Cir. 2000). Mr. Bacchus' property-related claims are not continuing in nature.

With regard to Mr. Bacchus' apparent claim for damages under the unjust conviction statutes, codified at 28 U.S.C. §§ 1495 and 2513, the court finds that the plaintiff has failed to state a claim. The plaintiff has not produced a pardon or a certificate from a court setting aside his conviction on the grounds of innocence and

---

[2] Even if Mr. Bacchus' property-related claims were not barred by the six-year statute of limitations, Mr. Bacchus cannot state a claim based on an alleged illegal seizure or forfeiture of his property, in any event. Property seized under the government's police power is not "taken" within the meaning of the Fifth Amendment. See Bennis v. Michigan, 516 U.S. 442, 452-53 (1996). Mr. Bacchus' rights are limited to those provided for under Rule 41(g) of the Federal Rules of Criminal Procedure.

[3] The fact that Mr. Bacchus claims that he was not notified as to whether the government held a forfeiture hearing does not alter this result. He certainly knew that he had been dispossessed of his property at the time of his arrest.

4

unjust conviction as required under 28 U.S.C. § 2513(b).  Accordingly, the claim must be dismissed.

Finally, the court must dismiss all of Mr. Bacchus' remaining constitutional claims for lack of jurisdiction.  See Gump v. United States, 482 F. App'x 588, 590 (Fed. Cir. 2012) (per curiam) (Court of Federal Claims lacks jurisdiction to hear claims under the Fourth and Sixth Amendments); Hampel v. United States, 429 Fed. App'x 995, 998 (Fed. Cir. 2011) (per curiam) (Court of Federal Claims lacks jurisdiction to hear claims for due process violations under the Fifth Amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Court of Federal Claims lacks jurisdiction over claims arising under the Eighth Amendment).

For the forgoing reasons, the government's motion to dismiss is **GRANTED**.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

5