# In the United States Court of Federal Claims

No. 13-564 C
(Filed: August 30, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| ARMANDO PONS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

For the reasons discussed below, the court dismisses the complaint.[1]

## I. BACKGROUND

Plaintiff raises various allegations against federal agencies and government officials. For instance, plaintiff states that he was "depriv[ed]" of his liberty and property by certain government officials, and that the President of the United States persecuted plaintiff, resulting in plaintiff's imprisonment. Plaintiff cites numerous constitutional amendments, international conventions and declarations against torture, and United States Code sections, and seeks trillions of dollars.

With his complaint, plaintiff submitted an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[2] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United

---

[1] The complaint names "Armando Pons" and "Armandu Ponds" as plaintiffs, but all of the pro se filings are signed "Armando Pons." It appears that Mr. Pons and Mr. Ponds are one and the same. In any event, the court dismisses the complaint in its entirety.

[2] While the United States Court of Federal Claims ("Court of Federal Claims") is not considered a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny an application to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (2006) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural

States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). In his application to proceed in forma pauperis, plaintiff indicates, under penalty of perjury, that he does not have any income or assets. He states that he is under extreme economic hardship due to "prolonged incarce[r]ation and confinement," and that he is entitled to redress because the government's actions "warrant" this lawsuit. Plaintiff has satisfied all three requirements. Therefore, the court grants plaintiff's application.

## II.  LEGAL STANDARDS

### A.  Pro Se Plaintiff

The Court of Federal Claims holds pleadings of a pro se plaintiff to less stringent standards than litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only."); Bernard v. United States, 59 Fed. Cl. 497, 499 (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). As the court explained in Demes v. United States, "[w]hile a court should be receptive to pro se plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002).

### B.  The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. King, 395 U.S. at 4. In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fid. Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." King, 395 U.S. at 4. Unless Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." United States v. Sherwood, 312 U.S. 584, 587-88 (1941).

---

Improvements Act of 1992, authorizing, inter alia, the court to adjudicate applications to proceed in forma pauperis pursuant to § 1915).

The Tucker Act confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act waives the sovereign immunity of the United States for claims for money damages, it "itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). The separate source of substantive law must constitute a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). The court "may not entertain claims outside this specific jurisdictional authority." Adams v. United States, 20 Cl. Ct. 132, 135 (1990).

## III. DISCUSSION

Even construing plaintiff's complaint liberally, the complaint is largely incomprehensible. From what is intelligible, however, plaintiff cites various constitutional amendments, international conventions and declarations against torture, and United States Code sections. For instance, plaintiff cites the Fifth, Sixth, Eighth, Fourteen, Fifteenth, and Sixteenth Amendments. While the court has jurisdiction over claims relying on the Fifth Amendment, plaintiff does not allege a taking. See, e.g., Allicock v. United States, 2012 WL 5995245, *1 (Fed. Cl. Nov. 29, 2012). The court also does not have jurisdiction over the remaining claims. Gump v. United States, 482 F. App'x 588, 590 (Fed. Cir. 2012) (per curiam) (Sixth Amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (Eighth Amendment); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (Fourteenth Amendment); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) (Fifteenth Amendment); Russell v. United States, 78 Fed. Cl. 281, 288 (2007) (Sixteenth Amendment).

Moreover, none of the United States Code sections plaintiff cites gives the court jurisdiction. For example, plaintiff cites 26 U.S.C. § 6103, which generally states that the government shall keep confidential tax returns and return information. A taxpayer may bring an action for damages against the government for unauthorized disclosure of such information, but that action must be brought in a district court of the United States. 26 U.S.C. § 7431(a)(1). Plaintiff also cites various sections of Title 18, which sets forth the criminal laws of the United States. The Court of Federal Claims, however, lacks jurisdiction over criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994).

Plaintiff additionally claims violations of the United Nations Convention against Torture, the Universal Declaration of Human Rights, and various other conventions and declarations, but the court does not have jurisdiction to hear allegations of human rights violations that are not based on money-mandating statutes. See Prophet v. United States, 106 Fed. Cl. 456, 464 (2012) (finding that the American Convention on Human Rights is not a money-mandating statute, regulation, or constitutional provision that allows for jurisdiction in this court); Pikulin v.

<u>United States</u>, 97 Fed. Cl. 71, 77-78 (2011) (stating that the Universal Declaration of Human Rights does not create any substantive rights enforceable against the government).

In the caption of his complaint, plaintiff names "United States of America et. al., Respondents," and in his complaint, he implicates certain federal officials. The Tucker Act, however, "grants the Court of Federal Claims jurisdiction over suits against the United States, <u>not against individual federal officials</u>," <u>Brown v. United States</u>, 105 F.3d 621, 624 (Fed. Cir. 1997) (emphasis added); <u>see also</u> RCFC 10(a) (providing that all claims in the Court of Federal Claims must have "the United States designated as the party defendant").

Accordingly, for all of the reasons discussed above, the court must dismiss the complaint for lack of subject matter jurisdiction.

## IV. CONCLUSION

Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's application to proceed <u>in forma pauperis</u> is **GRANTED**.

**The Clerk of the Court is directed to enter judgment accordingly. No costs.**

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge