# United States Court of Appeals for the Federal Circuit

2007-5050

JEROME VICTOR TRAFNY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Jerome Victor Trafny,  of Tucson, Arizona, pro se.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge George W. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5050

JEROME VICTOR TRAFNY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: October 2, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Appellant Jerome Victor Trafny appeals from the judgment of the Court of Federal Claims, No. 06-905C, dismissing his complaint for lack of subject matter jurisdiction. Because we agree with the trial court that Mr. Trafny's complaint is not within the jurisdiction of the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491, we <u>affirm</u>.

BACKGROUND

Mr. Trafny is apparently an inmate in a federal correctional institution. Although his complaint is difficult to understand, the trial court interpreted his complaint to be based on the contention that the Federal Bureau of Prisons has failed to provide him with the medicines he needs following eye surgery to treat his glaucoma. Claiming that he suffered injury to his eyesight as a result, he seeks damages in excess of $13 million.

The trial court interpreted his claim as being predicated on the cruel and unusual punishments clause of the Eighth Amendment to the Constitution. The court held that because the Eighth Amendment is not a "money-mandating" provision, it does not give rise to a cause of action over which the Court of Federal Claims has jurisdiction. The court further held that to the extent Mr. Trafny has raised a tort claim against the United States, the Court of Federal Claims does not have jurisdiction over tort claims. The court therefore dismissed Mr. Trafny's complaint.

DISCUSSION

The trial court was correct to dismiss the complaint. The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment "is not a money-mandating provision." Edelmann v. United States, 76 Fed. Cl. 376, 383 (2007); Burman v. United States, 75 Fed. Cl. 727, 729 (2007); Cosma-Nelms v. United States, 72 Fed. Cl. 170, 172 (2006); Calhoun v. United States, 32 Fed. Cl. 400, 404-05 (1994). The court was also correct to hold that it lacks jurisdiction over tort claims. See 28 U.S.C. § 1491(a)(1) (expressly excluding from the court's jurisdiction claims "sounding in tort"); Keene Corp. v. United States, 508 U.S.

2

200, 214 (1993); <u>Jentoft v. United States</u>, 450 F.3d 1342, 1349-50 (Fed. Cir. 2006); <u>Alves v. United States</u>, 133 F.3d 1454, 1459 (Fed. Cir. 1998). Because all of Mr. Trafny's claims are based on the Eighth Amendment or are essentially tort claims, the Court of Federal Claims lacked subject matter jurisdiction over this case, and we therefore affirm the court's order dismissing the complaint.