NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BELLA S. MARTINEZ,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5096

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-397, *Chief Judge* Emily C. Hewitt.

---

Decided: August 9, 2010

---

BELLA S. MARTINEZ, of Las Vegas, Nevada, pro se.

KAREN GOFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

PER CURIAM.

Appellant Bella S. Martinez, pro se, appeals the final decision of the United States Court of Federal Claims, which dismissed her complaint for lack of jurisdiction. Because the court properly applied the appropriate law in determining that it lacked subject matter jurisdiction over Ms. Martinez's claims, we *affirm*.

## BACKGROUND

Ms. Martinez filed a pro se complaint against the United States in the United States Court of Federal Claims seeking unspecified damages pursuant to allegations of, inter alia, "corporate infiltration" that forced her to leave her home in Las Vegas, Nevada and caused her other financial and emotional hardships. Her complaint contained two sections, one titled "INDEPENDENTS WITHOUT FREEDOM!" and the other "INVESTIGATION: 'By Order Of The Courts!'", and was accompanied by several documents.

In response, the government filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The court granted Ms. Martinez's request for additional time to oppose the government's motion. After Ms. Martinez filed her opposition and the government replied, she then moved to file supplemental materials. The court, however, denied Ms. Martinez's request to file additional information and directed the clerk of the court to return the motion to her. Thereafter, the court granted the government's motion and dismissed Ms. Martinez's

complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  As a result, the court did not review the merits of Ms. Martinez's claims.

The court noted that it was difficult to discern who or which entities she levied her claims against.  In any event, however, it determined it lacked subject matter jurisdiction over her Constitutional claims because they are not based on a money-mandating provision.  It also concluded it lacked jurisdiction to hear her claims sounding in tort, seeking injunctive and declaratory relief outside of the bid protest context, and seeking punitive damages.

Ms. Martinez timely appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review judgments of the Court of Federal Claims to determine whether they are "premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law." *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993).  We review such decisions to dismiss a complaint for lack of subject matter jurisdiction de novo.  *See Res. Conservation Group, LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010).  We review evidentiary determinations by the Court of Federal Claims for abuse of discretion.  *See Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 & n.2 (Fed. Cir. 2009).

On appeal, Ms. Martinez contends that the Court of Federal Claims should have allowed her to file supplemental information.  In addition, she appears to argue that the court erred in failing to apply "the law under

organized conspiracy, fraud, malice, Fourth Amendment, Forgery[, and the] Federal Tort Claims Act." We disagree.

First, we note that the court did not err in directing the clerk of the court to return Ms. Martinez's motion for leave to file supplemental information that was filed after the briefing on the pending motion to dismiss concluded. No court order permitted additional information to be filed relating to the government's motion, and Ms. Martinez's late request was filed without proof of service and without proper binding in violation of Rules 5.3 and 5.5(c)(5), respectively.

Second, the Court of Federal Claims lacks jurisdiction over Ms. Martinez's tort and civil rights claims because, under the Tucker Act, the court only has jurisdiction to hear claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). Thus, it is well-established that the Court of Federal Claims does not have jurisdiction over tort claims, which include Ms. Martinez's allegations under the Federal Tort Claims Act. *See, e.g., Trafny v. United States*, 503 F.3d 1339, 1340.

Further, the Tucker Act does not, by itself, create a right to money damages against the United States. Rather, the statutory or constitutional basis of plaintiff's claim must be "money-mandating." *United States v. Mitchell*, 463 U.S. 206, 215-18 (1983); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). Although Ms. Martinez seeks relief under the Fourth Amendment,

it is not money-mandating and therefore does not provide the Court of Federal Claims jurisdiction to entertain her claims. *See Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997). Similarly, the court lacks jurisdiction to hear claims of criminal misconduct. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Because Ms. Martinez fails to indentify a money-mandating statutory or constitutional basis for her claims, the Court of Federal Claims properly concluded that it lacks subject matter jurisdiction over Ms. Martinez's complaint against the United States. Accordingly, the decision of the Court of Federal Claims is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**