NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL WINSTON,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5093

---

Appeal from the United States Court of Federal Claims in Case No.11-232C, Judge Eric G. Bruggink.

---

Decided: March 7, 2012

---

MICHAEL WINSTON, of Somerset, Pennsylvania, pro se.

JAMES P. CONNOR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before LOURIE, MOORE, and WALLACH, *Circuit Judges*.

PER CURIAM.

Michael Winston appeals the decision of the United States Court of Federal Claims ("Claims Court") dismissing his Complaint pursuant to Claims Court Rule 12(h)(3) for lack of subject matter jurisdiction. We have jurisdiction to review this final decision of the Claims Court based on 28 U.S.C. § 1295(a)(3). Because we agree that the Claims Court did not have jurisdiction over Mr. Winston's Complaint, we affirm.

## I.

Mr. Winston is an inmate at the Laurel Highlands State Correctional Institution in Somerset, Pennsylvania. In his Claims Court Complaint, Mr. Winston alleged that he was battered by local and state police officers on at least two separate occasions, was assaulted by private individuals, was wrongly imprisoned, was denied due process as a result of a conspiracy, and was subjected to mental and physical torture. Mr. Winston also claimed that he was denied counsel and proper service in a Petition for Writ of Habeas Corpus filed in September, 2010 in the United States Court for the Western District of Pennsylvania.[1] Mr. Winston asked the Claims Court to release him from incarceration, order the federal government to protect him outside of the Commonwealth of Pennsyl-

---

[1] Mr. Winston's petition was dismissed on January 9, 2012. *Winston v. Pennsylvania*, Case No. 1:10-cv-215-SJM-SPB (W.D. Pa. Jan. 9, 2012). The court ruled that Mr. Winston's petition was dismissed for failure to amend the petition to comply with court rules and repeated failure to provide service.

vania, reinstate his several prior legal actions, and order an "honest federal judge" to preside over those actions.[2]

On May 13, 2011 the Claims Court dismissed Mr. Winston's Complaint for lack of subject matter jurisdiction. The court stated that it had no jurisdiction to hear Mr. Winston's tort claims or plea to be released from incarceration. Additionally, the court stated that although it has jurisdiction over claims for unjust imprisonment in limited instances, Mr. Winston's conviction does not fall within that ambit.

## II.

On appeal, Mr. Winston makes many of the same allegations he did to the Claims Court. Mr. Winston contests the dismissal of his habeas petition, says that he has been subject to "perjury, fraud, malicious prosecution, torture, abuse," and alleges he was battered by various police officers and fellow prison inmates. Additionally, Mr. Winston alleges negligence on the part of several Commonwealth employees, federal agencies, and the federal courts, which he faults for not considering the merits of his prior legal actions.

We review the Claims Court's dismissal for lack of subject matter jurisdiction *de novo*. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). Under the Tucker Act, the Claims Court has jurisdiction over "any claim against the United States founded either upon the

---

[2] Mr. Winston has filed many complaints in the United States Court for the Western District of Pennsylvania and United States Court for the Middle District of Pennsylvania in recent years. *See e.g.*, *Winston v. Riel*, Civ. No. 1:09-cv-223-SJM, 2010 WL 3505126 (W.D. Pa. Sept. 3, 2010). Mr. Winston's prior cases have been dismissed for failure to state a claim and lack of subject matter jurisdiction.

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A plaintiff attempting to sue the United States in the Claims Court first must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" before the court can address the claim's merits. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The United States is the only proper defendant in the Claims Court. 28 U.S.C. § 1491(a)(1).

Even broadly construing Mr. Winston's pro se arguments on appeal, we agree with the Claims Court; it did not have subject matter jurisdiction to entertain his claims. Mr. Winston's allegations against officers of the Commonwealth of Pennsylvania, the Commonwealth itself, and private individuals do not fall within the jurisdiction of the Claims Court. 28 U.S.C. § 1491(a)(1). Similarly, the Claims Court may not hear Mr. Winston's claims "sounding in tort." *Id.* None of Mr. Winston's other claims, such as his due process claim, cruel and unusual punishment claim, Sixth Amendment claim, and claim for habeas review, are money mandating. Thus, they fall outside the jurisdiction of the Claims Court. *See e.g.*, *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

The Claims Court does have limited jurisdiction over unjust imprisonment claims under 28 U.S.C. § 1495. However, in order for the court to hear such claims, a plaintiff must "allege and prove" that his conviction was:

> reversed or set aside on the ground that he is not
> guilty of the offense of which he was convicted, or

on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction . . . .

28 U.S.C. § 2513(a). Mr. Winston, however, is still incarcerated and his conviction has not been reversed or set aside. Therefore, the Claims Court lacked jurisdiction to hear his claim for unjust imprisonment.

For the reasons stated above, this court determines that the Claims Court properly dismissed Mr. Winston's Complaint for lack of subject matter jurisdiction.

**AFFIRMED**

No costs.