NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**TIMOTHY SNEED,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2014-5131

_____

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00194-CFL, Judge Charles F. Lettow.

_____

Decided: May 11, 2015

_____

TIMOTHY SNEED, Chipley, FL, pro se.

LISA LEFANTE DONAHUE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

_____

PER CURIAM.

Timothy Sneed appeals from a decision of the Court of Federal Claims (the "Claims Court") dismissing his claims for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

Sneed is currently incarcerated by the Florida Department of Corrections. Sneed filed a claim in the Claims Court under the Tucker Act, 28 U.S.C. § 1491. Sneed alleged that, *inter alia*, several state officials were compensated for offices that they did not lawfully hold, state officials committed fraud, and the state of Florida unlawfully took his property.

The Claims Court dismissed Sneed's claim because it, *inter alia,* 1) named individuals as defendants; 2) alleged criminal violations; 3) failed to cite a federal statute or regulation constituting a money-mandating source of law; and 4) did not allege a taking by the United States but rather by the state of Florida. Sneed appealed the dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal for lack of subject matter jurisdiction de novo. *M. Marokapis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).

The Tucker Act grants jurisdiction to the Claims Court only "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify

a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Sneed's complaint seeks compensation for actions of Florida state officials and the state of Florida itself related to his criminal conviction. The Claims Court provides a forum for the adjudication of claims against the United States for the actions of federal agencies and officials. *See United States v. Sherwood*, 312 U.S. 584, 587–89 (1941) (jurisdiction of Claims Court "is narrowly restricted to the adjudication of suits brought against the government alone"); *Winston v. United States*, 465 F. App'x 960, 961 (Fed. Cir. 2012) (allegations against state, state officers, and private individuals were not within the jurisdiction of the Claims Court). Sneed has identified no federal statute or constitutional provision that is a money-mandating source of law for claims against the United States for actions of state officials or the state of Florida.

**AFFIRMED**

COSTS

No costs.