NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELL T. BRU'TON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5087

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00744-LB, Judge Lawrence J. Block.

---

Decided: October 9, 2015

---

MELL T. BRU'TON, Only, TN, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

PER CURIAM.

Mell T. Bru'ton appeals the decision of the Court of Federal Claims dismissing his complaint for failure to prosecute. Because the Court of Federal Claims lacked subject matter jurisdiction over Mr. Bru'ton's claims, we affirm.

## BACKGROUND

On Aug. 18, 2014, Mell T. Bru'ton brought this case against the United States in the Court of Federal Claims based on the alleged wrongful death of Anthony A. Bruton, Jr., a relative of the plaintiff. On Oct. 17, 2014, the United States moved under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") to dismiss Mr. Bru'ton's complaint for lack of subject matter jurisdiction. Eventually, the Court of Federal Claims dismissed Mr. Bru'ton's case for failure to prosecute. The Court of Federal Claims denied Mr. Bru'ton's motions for reconsideration under RCFC 59 and 60, and Mr. Bru'ton appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Subject matter jurisdiction of the Court of Federal Claims is a question of law, which we review de novo. *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1078 (Fed. Cir. 2001) (citing *RAMCOR Servs. Group v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999)). Lack of subject matter jurisdiction may be raised as a ground for dismissal at any stage of litigation, including appeal. *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006)).

Mr. Bru'ton's complaint alleges torts committed by the Department of Veterans Affairs leading to the wrongful death of Anthony A. Bruton, Jr. The Court of Federal

Claims does not have subject matter jurisdiction over tort or wrongful death claims. The jurisdiction of the Court of Federal Claims stems primarily from the Tucker Act, which grants the court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). It is well established that the Court of Federal Claims does not have jurisdiction over tort claims. *See, e.g.*, *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *Martinez v. United States*, 391 Fed.Appx. 876, 878 (Fed. Cir. 2010). Suits seeking money damages from the United States for tort or wrongful death must instead be brought in U.S. district court under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq*. On appeal Mr. Bru'ton raises a number of other tort claims based on alleged injuries to himself. These claims are equally outside the jurisdiction of the Court of Federal Claims.

Mr. Bru'ton also asserts a claim pursuant to 28 U.S.C. § 1495. Under this statute, the Court of Federal Claims has jurisdiction to adjudicate claims for damages by any person unjustly convicted of an offense against the United States and imprisoned. However, Mr. Bru'ton is currently imprisoned by the State of Tennessee for state law crimes, not by the United States. Section 1495 cannot provide an alternative ground for jurisdiction. *Robinson v. United States*, 230 F.3d 1382 (Fed. Cir. 2000) (unpublished table decision) ("[A] claim under § 1495 is cognizable only if the claimant was unjustly convicted of a crime against the United States.").

The Court of Federal Claims never had subject matter jurisdiction over Mr. Bru'ton's complaint, and on this basis we affirm the court's dismissal of his suit. We need

not decide whether the Court of Federal Claims properly dismissed for failure to prosecute.

**AFFIRMED**

COSTS

No costs.