NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANTHONY MOORE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-2092

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00490-RHH, Senior Judge Robert H. Hodges Jr..

_____

Decided: May 4, 2017

_____

Anthony Moore, Federal Correctional Institution, Marianna, FL, pro se.

P. Davis Oliver, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by Benjamin C. Mizer, Robert E. Kirschman, Jr., Reginald T. Blades, Jr.

_____

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Anthony Moore appeals an order from the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction. Because the Claims Court lacks jurisdiction to hear the complaint, we *affirm*.

## BACKGROUND

Mr. Moore is an inmate at a federal prison in Florida. He alleges the Federal Bureau of Prisons ("BOP") was deliberately indifferent to his medical needs by refusing to treat his dizzy spells, ear and nose pain, migraine headaches, broken finger, and injured toe. He seeks damages of $500,000. The Claims Court sua sponte dismissed Mr. Moore's complaint, holding it lacked jurisdiction under 28 U.S.C. § 1491 because his allegations sounded in tort. Mr. Moore appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Claims Court is a court of limited jurisdiction and lacks jurisdiction to hear claims sounding in tort. 28 U.S.C. § 1491(a)(1). Allegations that the BOP failed to provide appropriate medical care are claims sounding in tort over which the Claims Court lacks jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007). Mr. Moore contends his claim may be maintained under the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. 97 (1976). *Estelle* holds that deliberate indifference to prisoners' serious medical needs may violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 104–05. The Claims Court lacks jurisdiction to hear claims arising under the Eighth Amendment. *Trafny*, 503 F.3d at 1340. Therefore, the Claims Court lacks jurisdiction to hear Mr. Moore's complaint.

CONCLUSION

The order from the Claims Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.