NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH FRANK PIOTROWSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5098

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00760-PEC, Judge Patricia E. Campbell-Smith.

---

Decided:  January 12, 2018

---

JOSEPH FRANK PIOTROWSKI, Cross City, FL, pro se.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Joseph F. Piotrowski sued Appellee United States ("the Government") in the U.S. Court of Federal Claims, where he, inter alia, raised claims for retirement pay, challenged his court-martial conviction, and requested correction of his military records. *Piotrowski v. United States*, No. 13-760C, 2014 WL 7476033, at *4 (Fed. Cl. Dec. 30, 2014). The Court of Federal Claims granted the Government's motion to dismiss and dismissed each of Mr. Piotrowski's claims. *See id.* at *15.

Mr. Piotrowski appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012). We affirm.

## BACKGROUND

Mr. Piotrowski served in the U.S. Army ("Army") for nearly two decades. Suppl. App. 107, 123. Based on an investigation into allegations of misconduct, Mr. Piotrowski's Commander recommended on August 10, 2000, that action be taken against Mr. Piotrowski pursuant to the Uniform Code of Military Justice ("UCMJ"). *Id.* at 29, 124. On the same day, Mr. Piotrowski submitted a request for voluntary retirement at the grade of Captain, *id.* at 30–31, 123, but the Army denied that request on November 3, 2000, because he was not "eligible to retire in the grade of Captain" as he lacked the sufficient number of years of commissioned service, *id.* at 33; *see id.* at 126. The denial memorandum advised Mr. Piotrowski to revert to enlisted status and resubmit the voluntary retirement application with the "correct retirement grade." *Id.* at 33. Accordingly, Mr. Piotrowski submitted a personnel action requesting reversion to enlisted status and then placement on the retired list at the grade of Sergeant First Class. *Id.* at 33–34, 126–28. This second retirement request was also denied on November 7, 2000. *Id.* at 34.

After the Army instituted proceedings pursuant to the UCMJ in January 2001, Mr. Piotrowski elected to be tried by court martial. *Id.* at 35–36, 127. Additional charges were filed based on alleged criminal conduct Mr. Piotrowski committed during the pendency of the proceedings, *see id.* at 41–42, 47–48, 127, and Mr. Piotrowski eventually pled guilty to all of the charges, *id.* at 37. He was sentenced to a term of confinement, reprimand, forfeiture of all pay and allowances, and dismissed from the Army, *id.* at 38, 127, but his discharge was stayed pending any appeals, *id.* at 43. Following the completion of the appellate process, Mr. Piotrowski was dismissed from the Army by letter, effective June 7, 2007. *Id.* at 55, 128. Thereafter, Mr. Piotrowski received his DD Form 214 Certificate of Release or Discharge from Active Duty ("DD Form 214"), characterizing his discharge as dishonorable. *Id.* at 59, 128.

In March 2011, Mr. Piotrowski petitioned the Army Board for Correction of Military Records ("ABCMR"), *id.* at 60–104, seeking clemency, an upgrade of the status of his discharge from dishonorable to honorable, and correction of several other items on his DD Form 214, *id.* at 105–06. The ABCMR granted his Petition in part but denied his Petition in relation to retirement, clemency, and upgrade of service. *Id.* at 119.

On September 30, 2013, Mr. Piotrowski filed the present action in the Court of Federal Claims. *Id.* at 120. Mr. Piotrowski alleged, inter alia, that (1) the Army deprived him of "retirement pay and benefits," *id.* at 129; (2) the court-martial conviction was improper, *id.* at 121, 131; *see Piotrowski*, 2014 WL 7476033, at *14 (construing certain of Mr. Piotrowski's allegations as a collateral attack on his court-martial conviction); and (3) the Army failed to correct his military records, Suppl. App. 130. Pursuant to the Government's Motion to Dismiss, the Court of Federal Claims dismissed the complaint, *Piotrowski*, 2014 WL 7476033, at *15, holding that its six-

year statute of limitations for all claims under its jurisdiction barred the retirement pay claim and the collateral attack on the court-martial conviction, *id.* at \*12, \*14; and that it lacked jurisdiction over Mr. Piotrowski's request for equitable relief to correct his military records because that claim was not tied to a money judgment, *id.* at \*15.

DISCUSSION

I. Standard of Review and Legal Standard

"We review the Court of Federal Claims' decision to dismiss a case for lack of subject matter jurisdiction de novo." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citation omitted). In so doing, we "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citation omitted). However, we review underlying "findings of fact relating to jurisdictional issues for clear error." *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1353 (Fed. Cir. 2006) (citation omitted), *aff'd* 552 U.S. 130 (2008).

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . , together with a claim falling within the terms of the waiver . . . ." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, "does not create a substantive cause of action," but instead requires the plaintiff to identify a "money-mandating" source of law, i.e., "a separate source of substantive law that creates the

right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). For a source of substantive law to be money-mandating, it must be "reasonably amenable to the reading that it mandates a right of recovery in damages" against the Government. *White Mountain*, 537 U.S. at 473.

In addition to identifying a money-mandating source of substantive law, a plaintiff must file their claim within the prescribed statute of limitations. *See Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc) ("It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature."). As such, "[e]very claim of which the [Court of Federal Claims] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A cause of action accrues "when all events have occurred to fix the Government's alleged liability." *Martinez*, 333 F.3d at 1303 (internal quotation marks and citation omitted).

## II. The Court of Federal Claims Properly Determined that It Lacked Subject Matter Jurisdiction over Mr. Piotrowski's Claims

On appeal, Mr. Piotrowski's three primary contentions are that the Court of Federal Claims erred with respect to (1) its determinations regarding his claim for retirement pay, *see* Appellant's Br. 3–4, (2) his collateral attack challenging his court-martial conviction, *see id.* at 3, 5–7, and (3) his request to correct his military records, *see id.* at 3.[1] We disagree with all of these contentions.

---

[1] As construed by the Court of Federal Claims, Mr. Piotrowski's Complaint also raised claims for violation of

First, the Court of Federal Claims correctly held that the statute of limitations bars Mr. Piotrowski's claim for retirement pay. *See Piotrowski*, 2014 WL 7476033, at *9–12. Mr. Piotrowski submitted his first request for voluntary retirement on August 10, 2000, Suppl. App. 123, which was denied on November 3, 2000, *id.* at 33; and he submitted his second request on November 3, 2000, *id.* at 34, 126, which was denied on November 7, 2000, *id.* at 34. A claim for retirement pay accrues on the date the application for retirement is decided. *See* 10 U.S.C. § 3929 (2012) (providing entitlement for retirement pay). Therefore, Mr. Piotrowski had six years from the later of the two retirement decision denials to file a claim alleging error by the Government. However, Mr. Piotrowski filed

---

the Administrative Procedure Act, breach of an enlistment agreement, promissory estoppel, fraudulent misrepresentation, violation of the Eighth Amendment, and violations of the Due Process and Double Jeopardy Clauses of the Fifth Amendment. *See Piotrowski*, 2014 WL 7476033, at *4, *6–15. However, it is well established that the Court of Federal Claims does not have jurisdiction over such claims. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Martinez*, 333 F.3d at 1313 (Administrative Procedure Act); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (Fifth Amendment's Due Process and Double Jeopardy Clauses); *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (enlistment agreements); *Copar Pumice Co. v. United States*, 112 Fed. Cl. 515, 537 (2013) (misrepresentation); *Sinclair v. United States*, 56 Fed. Cl. 270, 281 (2003) (promissory estoppel). Moreover, the Court of Federal Claims deemed waived Mr. Piotrowski's claim for reimbursement of certain medical costs for failure to raise this claim before the ABCMR, *see Piotrowski*, 2014 WL 7476033, at *15, and Mr. Piotrowski does not challenge that finding, *see generally* Appellant's Br.

his Complaint on September 30, 2013, more than six years after the denial of his second retirement application.

Second, the Court of Federal Claims properly determined that the statute of limitations bars Mr. Piotrowski's collateral attack on his court-martial conviction. *See Piotrowski*, 2014 WL 7476033, at *14. The general court-martial order convicting Mr. Piotrowski was issued in June 2002, Suppl. App. 41–43, and that conviction became final following completion of the appellate process on February 8, 2007, more than six years prior to his September 30, 2013 Complaint, *see id.* at 54; *see also* 28 U.S.C. § 2501.

Mr. Piotrowski's counterargument lacks merit. Mr. Piotrowski argues that the Court of Federal Claims should have used, for accrual purposes, the date Mr. Piotrowski received his DD Form 214, which was April 1, 2008. *See* Appellant's Br. 3. However, Mr. Piotrowski's argument improperly assumes that the statute of limitations begins to run on the date of discharge. Instead, as we have discussed above, the retirement pay claim accrued upon denial of Mr. Piotrowski's application for voluntary retirement and the collateral attack on his conviction accrued when that conviction became final. Therefore, the date he was notified of his discharge is irrelevant for these claims.

Third, the Court of Federal Claims correctly held that it could not provide equitable relief to correct Mr. Piotrowski's military records because the requested relief was not tied to a money judgment. *See Piotrowski*, 2014 WL 7476033, at *15. On appeal, Mr. Piotrowski seeks correction of several alleged errors in his DD Form 214. *See* Appellant's Br. 3; Suppl. App. 130. The Court of Federal Claims may "order the correction of military records only 'incident of and collateral to' its award of a money judgment." *Voge v. United States*, 844 F.2d 776,

781 (Fed. Cir. 1988) (quoting 28 U.S.C. § 1491(a)(2)). Because the Court of Federal Claims lacked jurisdiction over any claims for monetary relief, it correctly held that it also lacked jurisdiction over this claim for equitable relief. *Piotrowski*, 2014 WL 7476033, at *15.

CONCLUSION

We have considered Mr. Piotrowski's remaining arguments and find them unpersuasive.[2] Accordingly, the Judgment of the U.S. Court of Federal Claims is

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

[2] Mr. Piotrowski sought and obtained several extensions of time to file a reply brief. *See* Order, Oct. 10, 2017, ECF No. 63; Order, June 15, 2017, ECF No. 60; Order, May 16, 2017, ECF No. 58. Despite those extensions, he has failed to file one in a timely fashion.