NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOLOMON UPSHAW,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-2005

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01782-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: November 9, 2018

---

SOLOMON UPSHAW, Cape Neddick, ME, pro se.

ERIKA B. KRANZ, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY H. WOOD.

MARCUS UPSHAW, Cape Neddick, ME, pro se, as amicus curiae.

---

Before LOURIE, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

Solomon Upshaw ("Upshaw") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("Rule 12(b)(6)") for failure to state a claim upon which relief could be granted. *Upshaw v. United States*, No. 17-1782L, 2018 WL 2077905 (Fed. Cl. May 4, 2018). Although the Claims Court erred by dismissing under Rule 12(b)(6) and should have dismissed for lack of subject matter jurisdiction, we affirm its judgment.

## BACKGROUND

Upshaw asserts that he is the owner of a parcel of real property located in Ocean County, New Jersey. Upshaw alleges that a public right of way has been imposed across his property for Wright-Debow Road and Dirt Drive. He offers little explanation of how this right of way was imposed, or which governmental entity imposed it, but he appears to argue that the Township of Jackson, New Jersey, is responsible. Appellee's App. 006. The Claims Court concluded that Upshaw had failed to allege any relevant action taken by the United States and granted the United States' motion to dismiss his claim under Rule 12(b)(6).

Upshaw timely appealed to this court. We have appellate jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether the Claims Court properly dismissed a complaint under Rule 12(b)(6) is a question of law, which we review de novo. *Bank of Guam v. United States*, 578 F.3d 1318, 1325–26 (Fed. Cir. 2009). In order to avoid dismissal for failure to state a claim, the complaint must allege

facts plausibly suggesting entitlement to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). The factual allegations must be sufficient to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. "In ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge*, 558 F.3d at 1335.

Establishing subject matter jurisdiction is a threshold issue, *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010), and every federal court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Upshaw's complaint, liberally construed, only alleges that the Township of Jackson, New Jersey, not the United States, has effected a taking of his property by subjecting it to a public right of way without paying him just compensation. Appellee's App. 006. His claim does not fall within the jurisdiction of the Claims Court. The Tucker Act confers jurisdiction upon the Court of Federal Claims for "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and waives the government's sovereign immunity for these claims. 28 U.S.C. § 1491(a)(1) (emphasis added); *United States v. Sherwood*, 312 U.S. 584, 588 (1941)

("[The Claims Court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted).

Upshaw has identified no federal statute or constitutional provision that is a money-mandating source of law for claims against the United States as a result of actions taken by state or local officials of the state of New Jersey. Therefore, the Claims Court did not have jurisdiction under 28 U.S.C. § 1491. *See also LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Sneed v. United States*, 602 F. App'x 527 (Fed. Cir. 2015); *Winston v. United States*, 465 F. App'x 960 (Fed. Cir. 2012).

On appeal, Upshaw raises several arguments that reinforce our conclusion that his case should be dismissed for lack of subject matter jurisdiction. Upshaw inexplicably argues to us that the Claims Court did not have subject matter jurisdiction over causes of action arising under 18 U.S.C. § 983, a provision in the section of the United States Code pertaining to civil asset forfeiture in criminal cases. *See* 18 U.S.C. § 983(f)(3)(A) (requiring an action to recover seized assets be filed in district court). This argument was not made to the Claims Court and is waived. *See Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1368 (Fed. Cir. 2004). Upshaw never alleged, at any stage, that the relevant property was taken as part of a civil asset forfeiture in a criminal case. In any case, Upshaw's argument also leads to the conclusion that the Claims Court did not have jurisdiction to hear the case under 28 U.S.C. § 1491. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming that the Claims Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

Upshaw similarly argues that the Claims Court did not have subject matter jurisdiction to hear his claim because it "sounded in tort," which lies outside the Claims Court's statutory jurisdiction. 28 U.S.C. § 1491. Upshaw has not, at any stage, alleged that the United States committed a tort against him, and even if that argument were credited, it would still lead to the conclusion that the Claims Court did not have subject matter jurisdiction in this matter.

Upshaw's complaint should have been dismissed for lack of subject matter jurisdiction. Nevertheless, where a court improperly dismissed a case pursuant to either Rule 12(b)(1) or Rule 12(b)(6) and should have dismissed under the other defense, affirmance of that court's dismissal may be warranted when "nothing in the analysis of the court[] below turned on the mistake." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) (declining to remand where "a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion"). *See also Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1062 n.7 (Fed. Cir. 2012). We conclude that this case presents a similar situation. Upshaw's complaint can only plausibly be read to assert a taking by an entity other than the United States. This claim neither falls within the jurisdiction of the Claims Court nor states a claim upon which relief can be granted, and thus it was properly dismissed.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Claims Court.

## AFFIRMED