NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL GORRIO,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2024-1832

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00354-MHS, Chief Judge Matthew H. Solomson.

---

Decided: June 9, 2025

---

MICHAEL GORRIO, Indiana, PA, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE NIOSI.

---

PER CURIAM.

Michael Gorrio, appearing pro se, appeals from the United States Court of Federal Claims (Claims Court) decision to dismiss his complaint sua sponte for lack of subject matter jurisdiction. *See Gorrio v. United States*, No. 24-354C (Fed. Cl. Apr. 11, 2024). S. App'x 1–5.[1] For the following reasons, we *affirm*.

BACKGROUND

Mr. Gorrio filed a complaint against the United States in the Claims Court seeking, among other forms of relief, two billion dollars in damages. The complaint appears to allege that the United States government unlawfully created multiple Social Security accounts in his name, and that such actions led to fraud, breach of contract, and false imprisonment. The complaint also alleged violations of the Pennsylvania Tort Claims Act and the Eighth Amendment of the United States Constitution.

In his complaint, Mr. Gorrio named a broad array of defendants in addition to the United States and certain federal agencies, including the Commonwealth of Pennsylvania, other state entities, a hospital, a doctor, two judges, and two district attorneys.

The Claims Court sua sponte dismissed Mr. Gorrio's complaint for lack of subject matter jurisdiction. S. App'x 3. As an initial matter, the Claims Court held that because the Tucker Act limited the court's jurisdiction to claims against the United States, the court lacked jurisdiction to hear claims against state or county entities and other named individuals. *Id.* at 3–4.

Next, the Claims Court determined that it lacked jurisdiction to hear Mr. Gorrio's breach of contract claim

---

[1] "S. App'x" refers to the supplemental appendix filed with the government's informal response brief. We employ the pagination used in the decision at S. App'x 1–5.

because his complaint "contain[ed] no non-frivolous, non-conclusory allegations of fact even remotely suggesting that he had a contract with the United States." *Id.* at 4. The court explained that Mr. Gorrio did not allege that anyone with actual authority to bind the United States entered into a contract with him. *Id.* Although Mr. Gorrio alleged that a Social Security officer breached an implied contract by allegedly registering him for multiple Social Security numbers, he did "not explain the nature of the putative contract, how it was formed, or how it was breached." *Id.* Thus, the Claims Court held that it lacked jurisdiction to hear Mr. Gorrio's "breach of contract" claim. *Id.*

Finally, the Claims Court held that it did not have jurisdiction to hear Mr. Gorrio's remaining Eighth Amendment or tort claims. *Id.* at 4–5.

The Claims Court therefore dismissed the complaint for lack of subject jurisdiction. Mr. Gorrio timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal of a complaint for lack of subject matter jurisdiction de novo. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016). The Tucker Act gives the Claims Court jurisdiction to render judgment on express or implied contract claims against the United States. *See* 28 U.S.C. § 1491(a)(1). Although pro se filings are held to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), a pro se litigant still bears the burden of proving that the court possesses subject matter jurisdiction over the complaint. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

We see no error in the Claims Court's dismissal of the complaint for lack of subject matter jurisdiction. The Claims Court properly dismissed claims against

defendants other than the United States.  *See* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Claims Court].")  Nor does the Claims Court have jurisdiction over Eighth Amendment or tort claims.  *See* 28 U.S.C. § 1491(a)(1) (expressly excluding claims "sounding in tort."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) ("The [Claims Court] does not have jurisdiction over claims arising under the Eighth Amendment . . . .").

Finally, the Claims Court properly dismissed Mr. Gorrio's breach of contract claims.  To state such a claim against the United States, a plaintiff must allege (and ultimately prove) four elements: "(1) mutuality of intent to contract; (2) offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States." *Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1364 (Fed. Cir. 2005).  On appeal, Mr. Gorrio argues that he entered into a contract with the federal government through the Social Security registration process and reiterates the factual allegations in his complaint.  Pet'r's Informal Br. 18–19.  Specifically, he claims that he was improperly issued two Social Security numbers at birth, which resulted in fraud and his improper conviction. *Id.* at 16.

Even assuming these allegations are true, they do not plausibly allege any of the required elements of a contract with the United States.  Apart from conclusory allegations, Mr. Gorrio fails to identify any government official with actual authority to bind the United States, nor does he plausibly allege a mutual intent to contract or an offer made by the government.  To the extent that Mr. Gorrio suggests that the issuance of a Social Security number itself evidences a contractual relationship, the Supreme Court has stated that Social Security benefits are "noncontractual."

*Flemming v. Nestor*, 363 U.S. 603, 610 (1960). Moreover, Mr. Gorrio fails to explain how the alleged improper assignment of two Social Security numbers resulted in specific monetary harm. Accordingly, dismissal of Mr. Gorrio's contractual claims was proper.

Mr. Gorrio also cites Native American trust law and appears to argue that the United States government owes him similar fiduciary duties. Pet'r's Informal Br. 3 (citing *Seminole Nation v. United States*, 316 U.S. 286 (1942)). However, as Mr. Gorrio appears to acknowledge, the fiduciary duties in *Seminole Nation* and similar cases arose from specific statutes and regulations. *See id.* at 1–2; *Seminole Nation*, 316 U.S. at 288 (noting that the Seminole Nation's claims arose out of "treaties, agreements, and acts of Congress"); *United States v. Mitchell*, 463 U.S. 206, 222 (1983) (holding that federal statutes imposed fiduciary duties on the United States). By contrast, the issuance of Social Security numbers does not establish a fiduciary relationship. *See Flemming*, 363 U.S. at 610. Additionally, we have made clear "that the Claims Court has no jurisdiction under the Tucker Act over claims to social security benefits." *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (citation omitted); *see also* 42 U.S.C. § 405(g) (directing that claims relating to Social Security benefits "shall be brought in [an appropriate federal] district court").

We have considered Mr. Gorrio's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Claims Court.

**AFFIRMED**

COSTS

No costs.