NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**NOBLE CHRISTO EL, AKA CHRISTOPHER NATHAN JONES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2025-1474

———————————

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01993-TMD, Judge Thompson M. Dietz.

———————————

Decided:  October 8, 2025

———————————

NOBLE CHRISTO EL, Mays Landing, NJ, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

———————————

Before LOURIE, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Noble Christo El (formerly Christopher Nathan Jones) appeals a decision by the United States Court of Federal Claims ("the Claims Court") *sua sponte* dismissing El's complaint for lack of subject matter jurisdiction. S.A. 1–2 ("*Decision*").[1]  For the following reasons, we *affirm*.

## BACKGROUND

El filed a complaint in the Claims Court asserting, against the United States, New Jersey, and employees of both, (1) constitutional violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments,[2] (2) breach of contract, (3) fraud, and (4) failure to pay a debt. S.A. 18–36. Most of El's claims are based on his allegation that he is the beneficiary of a trust that New Jersey failed to honor and to which the United States is a guarantor. El also alleges that he was falsely arrested, falsely imprisoned, and subjected to cruel and unusual punishment.

The Claims Court dismissed El's complaint *sua sponte* for lack of subject matter jurisdiction. Specifically, it determined that it lacked subject matter jurisdiction over El's claims to the extent that his complaint alleged claims against federal government officials in their individual capacities, claims against states, state and local governments, and state officials, and claims based in tort and constitutional violations. *Decision* at 2. Moreover, the Claims Court explained that it also lacked jurisdiction over El's claims alleged against the United States because El's

---

[1]  "S.A." refers to the supplemental appendix filed by the government.

[2]  The supplemental appendix is missing a part of page 12 of El's complaint, which seems to set forth parts of his constitutional claims. *See* S.A. 22. We are able to glean El's allegations from the parts of his complaint that we do have.

complaint failed to set forth a non-frivolous allegation of breach of contract. *Id.*

El filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction *de novo*. *Abbas v. United States*, 842 F.3d 1371, 1375 (Fed. Cir. 2016). *Pro se* complaints are held to a less stringent standard compared with pleadings drafted by counsel, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but *pro se* litigants still must meet jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act sets forth the jurisdiction for the Claims Court, providing jurisdiction for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). We conclude that the trial court did not err in determining that it lacked subject matter jurisdiction over El's complaint.

First, the trial court properly dismissed El's claims against New Jersey and individual persons. The Claims Court has jurisdiction over certain claims against the United States, but not states, state actors, or individual federal officials. *See id.* (providing the Claims Court with jurisdiction over certain claims "against the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (explaining that section 1491(a)(1) does not grant the Claims Court jurisdiction over suits "against individual federal officials").

Second, the trial court properly dismissed El's fraud claim because the Claims Court lacks jurisdiction over tort

claims against the United States, and fraud is a tort. 28 U.S.C § 1491(a)(1); *see Brown*, 105 F.3d at 623.

Third, the trial court properly dismissed El's constitutional claims. The Claims Court has no jurisdiction over Fourth, Eighth, and Fourteenth Amendment claims. *See Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over . . . such a violation."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'" (citation omitted)); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (determining that Due Process and Equal Protection claims under the Fourteenth Amendment provide no "sufficient basis for jurisdiction because they do not mandate payment of money by the government"). While it is true that claims pursuant to the Fifth Amendment takings clause fall within the Tucker Act's grant of jurisdiction, *see Dinh v. United States*, 145 F.4th 1316, 1322 (Fed. Cir. 2025), El alleges that the state of New Jersey took his property, not the federal government, S.A. 23. As noted above, the Claims Court lacks jurisdiction over claims against states. *See* 28 U.S.C. § 1491(a)(1).

Fourth, the trial court properly dismissed El's breach of contract claim and his failure to pay a debt claim, which arises out of the breach of contract claim. *See* S.A. 34–36 ("[W]hat is clear here is the debt obligations of both the United States and its incorporating State of New Jersey to the infant Christopher Nathan Jones[, now Noble Christo El]. This debt is evidenced by the resulting Trust . . . ."). To establish subject matter jurisdiction for breach of contract claims, a complainant is "required to set forth a non-frivolous allegation of breach of a contract with the government." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). El's allegation that the

United States is "the downstream guarantor" of a contract between himself and New Jersey, S.A. 18, fails to meet the non-frivolous standard. El cites no authority for the proposition that creation of a trust pursuant to state law renders the United States a guarantor, giving rise to Tucker Act jurisdiction, and we are unaware of any such authority. El's assertion in his opening brief that being issued a birth certificate and social security number constitutes a contract between himself and the United States, Opening Br. at 1, also fails to meet the non-frivolous standard. We are similarly unaware of any authority standing for the proposition that being issued a birth certificate or social security number imposes contractual obligations on the United States that give rise to Tucker Act jurisdiction. These allegations are "wholly insubstantial and frivolous." *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995) (quoting *Bell v. Hood*, 327 U.S. 678, 682–63 (1946)). Since El set forth no non-frivolous breach of contract claim, the Claims Court properly dismissed the breach of contract and failure to pay a debt claims.

### CONCLUSION

We have considered El's remaining arguments and find them unpersuasive. For the above reasons, the Claims Court did not err in dismissing El's complaint for lack of subject matter jurisdiction. We therefore *affirm*.

### AFFIRMED

### COSTS

No costs.